NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARVIN WORTHY, | : | |
|  | : | |
| Petitioner, | : | |
|  | : | Civil Action No. 14-3065-BRM |
| v. | : | |
|  | : | |
| PATRICK NOGAN, et al., | : | |
|  | : | **OPINION** |
| Respondents. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an Amended Petition for a Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, filed by Petitioner Marvin Worthy ("Petitioner"). (Dkt. No. 4) Petitioner is currently a prisoner confined at East Jersey State Prison in Rahway, New Jersey. On November 3, 2014, Respondents filed a Response to the Petition. (Dkt. No. 12) For the reasons stated herein, the Petition is **DENIED**.

**I. BACKGROUND**[1]

As set forth by the New Jersey Superior Court, Appellate Division:

> The State contended that on April 25, 2002, during a trip to Yonkers, New York, Gregory Maples [("Maples")] had accused a business associate, Rashon "Jamal" Roy [("Roy")], of trying to have him killed, and that Maples' companions, [Petitioner] and Co-Defendant [Renato] Santos [("Santos")], had tried to intimidate Roy by pointing guns at him and his friend, Hakim Shabazz [("Hakim")].[2] During

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

[2] Hakim has a twin brother, Halim ("Halim"), both of whom testified at trial. Hakim testified Roy was his older brother and all three (3) brothers were in the car with Maples, Worthy, and Santos on April 25, 2002.

1

>this incident, the State contended, [Petitioner] told Hakim and Roy that he had shot people before. The State contended that three days later, on April 28, 2002, outside an apartment complex in Lakewood, New Jersey, co-defendants Santos and [Petitioner] shot Roy, at Maples' behest, because Maples still believed that Roy was trying to have him killed. The State contended that Santos eventually confessed to shooting Roy and that another defendant, Ernesto Barber, also admitted to being present on April 28 and implicated Santos, [Petitioner] and Maples in the crime.

*State v. Worthy*, No. A-0065-04T4 (N.J. Super. Ct. App. Div. 2006) (footnotes omitted). (Dkt. No. 12-6 at 4)

A jury convicted Petitioner of first-degree murder (N.J.S.A. 2C:11-3), conspiracy to commit murder (N.J.S.A. 2C:5-2A(1)), and second-degree unlawful possession of a firearm for an unlawful purpose (N.J.S.A. 2C:39-4(a)). *Id*. After merger, the Superior Court sentenced Petitioner to thirty (30) years in prison to be served entirely without parole eligibility. *Id*. Petitioner appealed and the Appellate Division affirmed his conviction and sentence. *Id*. The New Jersey Supreme Court subsequently denied his petition for certification. *State v. Worthy*, 190 N.J. 396 (2007).

Petitioner filed a petition for post-conviction relief ("PCR") on June 26, 2009, which was denied by the PCR court and affirmed by the Appellate Division. *State v. Worthy*, No. A-2346-09T4 (N.J. Super. Ct. App. Div. Mar. 20, 2011). (Dkt. No. 12-21) The New Jersey Supreme Court subsequently denied Petitioner's petition for certification on September 22, 2011. *State v. Worthy*, 208 N.J. 338 (2011).

Petitioner filed a second petition for PCR on October 4, 2010, alleging ineffective assistance of PCR counsel. The PCR judge dismissed the petition on the grounds that Petitioner could not pursue a second petition while his first petition was still pending. *State v. Worthy*, No. 02-09-1247 (N.J. Super. Ct. Law Div. 2010). On August 3, 2011, Petitioner refiled his second petition for PCR, which the PCR judge denied as time-barred pursuant to N.J. Ct. R. 3:22-12(a)(2). (Dkt. No. 12-18) On appeal, the Appellate Division held the second petition was not time-barred, but nevertheless affirmed the PCR judge's denial on the merits. *State v. Worthy*, 2013 WL 2300941

(N.J. Super. Ct. App. Div. May 28, 2013). (Dkt. No. 12-24) The New Jersey Supreme Court again denied certification. *State v. Worthy*, 217 N.J. 52 (2014). (Dkt. No. 12-28)

On May 8, 2014, Petitioner filed a petition for a writ of habeas corpus (Dkt. No. 1), as amended on June 5, 2014 (Dkt. No. 4), raising nine (9) grounds for relief:

1. Trial court denied Petitioner his constitutional right to a fair trial when it admitted "other crime" evidence;

2. Trial court denied Petitioner his constitutional right to a fair trial when it allowed the State to rely on Petitioner's co-defendant's confession in proving its case against Petitioner;

3. Trial court denied Petitioner his constitutional right to a fair trial when it shifted the burden to Petitioner to show that he disapproved of or opposed the actions leading to the death of the victim;

4. Trial court denied Petitioner his constitutional right to a fair trial when it failed to instruct the jurors on aggravated manslaughter;

5. Trial court erred by incorrectly instructing the jury on the elements of the crime charged;

6. Trial court erred by issuing a misleading and prejudicial instruction on the inferences that could be drawn from the use of a firearm;

7. Trial court erred by issuing a misleading and prejudicial instruction on the law of circumstantial evidence;

8. Trial counsel rendered ineffective assistance by misconstruing the law of accomplice liability in his summation; and

9. Trial court erred in denying Petitioner's pre-trial motion to dismiss the indictment.

(Dkt. No. 4 at 18-28)

## II. LEGAL STANDARD

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> . . .
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

"[Section] 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A federal court's authority to grant habeas relief is further limited when a state court has adjudicated petitioner's federal claim on the merits. *See* 28 U.S.C. § 2254(d).[3] If a claim has been

---

[3] "[A] claim has been 'adjudicated on the merits in State court proceedings when a state court has made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground." *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009) (quoting *Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009)). "Section 2254(d) applies even where there has been a summary denial." *Cullen*, 131 S. Ct. at 1402. "In these circumstances, [petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the [state court's] decision." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Johnson v. Williams*, 133 S. Ct. 1088 (2013) ("When a state court rejects a federal claim without

4

adjudicated on the merits in state court proceedings, this Court "has no authority to issue the writ of habeas corpus unless the [state court's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)).  However, when "the state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by AEDPA . . . do not apply." *Lewis*, 581 F.3d at 100 (quoting *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001)).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004).  Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' [and] therefore cannot form the basis for habeas relief under AEDPA." *Parker*, 132 S. Ct. at 2155 (quoting 28 U.S.C. § 2254(d)(1)).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court applies a rule that "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the

---

expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted.").)

5

Supreme Court] and nevertheless arrives at a [different result.]" *Williams*, 529 U.S. at 405–06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. However, under § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (quoting *Williams,* 529 U.S. at 410). "If this standard is difficult to meet—and it is—that is because it was meant to be." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (citations and internal quotation marks omitted). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen*, 131 S. Ct. at 1398.

### III. DECISION

The Petitioner raises nine (9) grounds for the basis of his appeal. The Court will discuss each in turn.

#### 1. Trial Court's Admission Of "Other Crimes" Evidence Against Petitioner

Petitioner argues that the trial court erred in admitting "evidence that the defendant had admitted to committing other murders." (Dkt. No. 4, 18) Petitioner complains that the jurors "could have impermissibly inferred that the defendant had, in fact, committed other murders and concluded that the defendant is a violent person who deserves to be punished and restrained." (*Id*.) As a corollary, Petitioner also argues that the trial court should have, at a minimum, issued a limiting instruction to the jury as to the other-crimes evidence presented at trial. (*Id*. at 20)

Essentially, Petitioner argues the state court misapplied its own rules of evidence. Such a claim does not implicate any federal law or constitutional question. "[I]t is not the province of a

federal habeas court to reexamine state-court determinations of state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Habeas relief may only be granted if a state court decision is "contrary to, or involve[s] an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 365.

In this case, Halim testified that on April 25, 2002, he and Roy were riding in a van with Petitioner and Santos.[4] (Dkt. No. 12-6, 11-14) Halim testified that, at some point, Petitioner pointed a gun at Roy, while Santos pointed a gun at Halim. Petitioner ultimately put his gun back into his lap and said to Halim, "I was going to shoot both of you all. I was going to kill both of you all." (*Id.* at 13) Petitioner also said that he "killed people before." (*Id.*)

To determine the admissibility of evidence of other crimes under N.J.R.E. 403, the New Jersey Supreme Court adopted the following four-part test:

> 1. The evidence of other crimes must be admissible as relevant to a material issue;
> 2. It must be similar in kind and reasonably close in time to the offense charged;
> 3. The evidence of the other crime must be clear and convincing; and
> 4. The probative value of the evidence must not be outweighed by its apparent injustice.

*State v. Cofield*, 127 N.J. 328, 338 (1992).

Here, the Court must award deference to the "last reasoned decision" on the issue presented. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009) (noting that a state court decision "adjudicated on the merits" requires deference from federal habeas courts). In this case, the "last reasoned decision" to adjudicate the issue on the merits is that of the Appellate Division on direct appeal from Petitioner's judgment of conviction.

---

[4] Hakim was dropped off at some point. (Dkt. No. 12-6, 12)

(Dkt. No. 12-6) There, the Appellate Division held that the "testimony was properly admitted as *res gestae*, presenting the full picture of defendant's effort to intimidate Roy and the Shabazz brothers." (*Id*. at 22-23) The Appellate Division further noted that no limiting instruction was required because the testimony was "not presented for [its] truth." (*Id*. at 23) Indeed, the witness later testified that he did not believe Petitioner's boasts, thinking Petitioner was merely trying to be a "tough guy." (*Id*.)

Habeas relief on this ground is denied because Petitioner's first claim does not involve a federal or constitutional issue; it is merely a complaint as to how the state courts applied state evidence law. Here, there is no evidence the Appellate Division's decision was either contrary to or involved an unreasonable application of federal law. *McGuire*, 502 U.S. at 68; *see also Leake v. Dillman*, 594 F. App'x 756, 759 (3d Cir. 2014) (quoting *Kontakis v. Beyer*, 19 F.3d 110, 117 n.12 (3d Cir. 1994) ("[A] state court's misapplication of its own law does not generally raise a constitutional claim.")); *Burns v. Warren*, Civ. No. 13-1929 (RBK), 2016 WL 1117946, at *29 (D.N.J. Mar. 22, 2016) ("Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues.").

**2. The State Improperly Relied On The Confession Of Petitioner's Co-Defendant Santos**

Petitioner alleges that "co-defendant Santos' confession should have been redacted prior to trial to delete references to [Petitioner.]" (Dkt. No. 4 at 23) At trial, statements made by Petitioner's co-defendants, Santos and Maples, were admitted through the testimony of police Sergeant Hayes and a lay witness, Ernesto Barber. Petitioner goes on to argue that he "should have had an opportunity to confront and cross-examine [Santos]" about this confession. (*Id*. at 24) In other words, Petitioner argues there was "fundamental breach in [Petitioner's] right of confrontation" when Santos exercised his Fifth Amendment right not to testify. (*Id*.)

8

As with Count One, *supra*, "habeas corpus relief does not lie for errors of state law." *McGuire*, 502 U.S. at 68. Generally, the federal courts do not have supervisory authority over state judicial proceedings and may intervene only to correct constitutional wrongs. *See Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997). Indeed, the admission of both Santos's confession and Maples's statement told through the testimony of Sergeant Hayes and Ernesto Barber, respectively, was within the trial court's discretion as it involved state rules of evidence. However, even if the Court were to consider the merits of Petitioner's claim, it would still fail. When a co-defendant's confession does not, on its face, incriminate the non-confessing defendant, combined with a limiting instruction, the Confrontation Clause rights of the non-confessing defendant are protected. *See Richardson v. Marsh*, 481 U.S. 200, 206-08 (1987). Here, the testimony from Hayes and Barber did not facially incriminate Petitioner, and the court issued a limiting instruction as to their use. Therefore, the Court finds no evidence that the Appellate Division's decision denying this claim was contrary to, or involved an unreasonable application of federal law, and habeas relief on this ground is denied.

### 3. The Trial Court Impermissibly Shifted The Burden To Petitioner Of Showing That He Disapproved Of The Actions Leading To The Death Of The Victim

Petitioner's Third Ground contends that the trial court erred in instructing the jury that "the defendant must produce evidence to show that if he was present at the scene of the crime, he did not participate in the crime." (Dkt. No. 4 at 26) According to Petitioner, this language "improperly shifted the burden of proof to the defendant to establish that he acted with an innocent state of mind." (*Id.*)

The Appellate Division denied this claim as meritless without discussion, also holding that it was procedurally defaulted.[5] (Dkt. No. 12-6 at 24) It must be noted that a summary denial is still an "adjudication on the merits" and is due deference under AEDPA. *See*, *e.g.*, *Kernan v. Hinojosa*, 136 S. Ct. 1603, 1606 (2016); *Harrington*, 562 U.S. at 99-100 (2011).

Turning to the merits of Petitioner's claim, the trial court instructed the jury as follows:

> The burden of proof is on the State, and it never shifts. There is no burden with respect to proof imposed upon a defendant. The defendant is not required to prove his innocence, and indeed not required to present any evidence or testimony at all. The State has the burden to prove the crime charged and if it failed to do so, a defendant is entit1ed to be found not guilty.

(Dkt. No. 12-26 at 17-18.)

To show that the jury instruction violated due process, Petitioner must show "both that the instruction was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." *Waddington v. Sarausad*, 555 U.S. 179, 190-91 (2009) (internal citation and quotation marks omitted). The instruction "must be considered in the context of the instructions as a whole and the trial record." *Id*. at 191 (internal citation and quotation marks omitted). Moreover, "it is not enough that there is some slight possibility that the jury misapplied the instruction, the pertinent question is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id*. (internal citation and quotation marks omitted). "In other words, the inquiry requires careful consideration of each trial's unique facts, the narratives presented by the parties, the arguments counsel delivered to the jurors before

---

[5] Because the Court agrees that all of Plaintiff's claims fail on the merits, we will not reach the issue of Petitioner's procedural default.

they retired to deliberate, and the charge as a whole." *Williams v. Beard*, 637 F.3d 195, 223 (3d Cir. 2011) (citing *Waddington,* 555 U.S. 179).

Having reviewed the record, the Court finds that Petitioner's claim of error does not fall within the narrow set of circumstances that warrants habeas relief. As explained above, to show that the jury instruction violated his due process rights, Petitioner must demonstrate that the instruction was ambiguous, and that the State was absolved of its duty to prove each element of the charged crime. *Waddington*, 555 U.S. at at 190-91. Here, the Court need not determine whether the instruction was ambiguous as Petitioner has not established the concerning language resulted in a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt.

As there was sufficient evidence before the jury to meet the State's burden on each charge facing Petitioner, and they were properly instructed as to the State's burden of proof, Petitioner has not shown that the instructions as given so tainted his trial that he was deprived of due process. *See Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) ("The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal."). Therefore, Petitioner is not entitled to habeas relief on this claim.

**4.  Trial Court Erred by Failing to Instruct the Jury on Aggravated Manslaughter**

Petitioner argues the "trial court should have instructed the jurors that if some of them found that he acted purposely and knowingly while others found that he acted recklessly, they could return a verdict of aggravated manslaughter or manslaughter." (Dkt. No. 4 at 27) This is, in effect, a request for the court to include a bartering provision in the jury instructions.

Ordinarily, juries may not consider lesser-included offenses until they have acquitted on the greater offense. *State v. Cooper*, 151 N.J. 326, 366 (1997). The rationale behind this is

11

explicitly to avoid bartering in the jury room. *Id*. (quoting *State v. Harris*, 141 N.J. 525, 552-53 (1995) ("[I]t is the duty of the jury not to reach compromise verdicts based on sympathy for the defendant or to appease holdouts, but to render a just verdict by applying the facts it finds to the law it is charged.")). Petitioner's argument also asks the Court to impermissibly do away with the requirement of unanimity in criminal cases by allowing jurors to come to differing conclusions, and still issue a guilty verdict. *See Blueford v. Arkansas*, 132 S. Ct. 2044, 2051 (2012) (quoting *Allen v. U.S.*, 164 U.S. 492, 501 (1896)) ("The very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves."); *see also Lee v. Cathel*, No. 05-3279 (JLL), 2006 WL 2023193, at *11 (D.N.J. July 13, 2006) (finding that a concededly imperfect jury charge "did not invite the jury to return a non-unanimous verdict" and was therefore still proper).

The Supreme Court has held that due process requires a jury instruction on a lesser included offense be given only when the evidence warrants such an instruction. *See Hooper v. Evans*, 456 U.S. 605, 611 (1982). *See also Dansby v. Trombley*, 369 F.3d 657, 659 (6th Cir. 2010) ("Dansby's [§ 2254] claim fails because the Supreme Court has never held that due process requires the giving of jury instructions on lesser-included offenses in noncapital cases."). Moreover, on habeas review, a trial court's finding as to whether the evidence at trial warranted an instruction is a finding of fact entitled to the § 2254(d) presumption of correctness. *Gatson v. Bartkowski*, No. 10-5610, 2013 WL 2459905, at *13 (D.N.J. June 6, 2013) (citing *Miller v. Fenton*, 474 U.S. 104, 112 (1985)).

A fair reading of the jury charge makes clear the trial court did, in fact, properly advise the jury as to all the elements of both murder and aggravated manslaughter, as well as unanimity. Habeas relief on this ground is, therefore, denied because (1) the jury instruction was proper, (2) an error in a jury instruction is an error of state law, and (3) the Appellate Division's decision

denying this claim was neither contrary to, nor involved an unreasonable application of federal law.

**5. The Trial Court Erred By Instructing the Jury the Victim Had Been "Murdered"**

Petitioner argues that the trial court erred in "characteriz[ing] Sunday, April 28, 2002, as the day when Mr. Roy was murdered." (Dkt. No. 4 at 27) Though the Petitioner offers no further specifics, Petitioner seemingly argues it was unjust to call the death of the victim "murder," because it potentially biased the jury against Petitioner.

Here, the trial court instructed the jury on the charge of conspiracy after properly issuing the charge on murder. The trial court's instruction on conspiracy reads, in relevant part, as follows:

> In order for you to find any one of the defendants guilty of the crime of conspiracy, the State must prove the following elements which constitute that crime beyond a reasonable doubt. One, that the defendant you're considering agreed with one or more of the charged defendants that they or one or more of them would engage in conduct which constitutes the crime of *murder*….

(Dkt. No. 12-26 at 30) (emphasis added). For comparison, the Model Jury Charge for the crime of conspiracy in the State of New Jersey reads, in relevant part, as follows:

> A conspiracy to commit the crime of _____ is a crime in itself separate and distinct from the crime of _____. In other words, a defendant may be found guilty of the crime of conspiracy regardless of whether that defendant is guilty or not guilty of the crime of _____.

MODEL JURY CHARGE FOR CONSPIRACY, N.J.S.A. § 2C:5-2, *available at* http://www.judiciary.state.nj.us/criminal/charges/inchoate3.pdf.

It is clearly expected that, in instructing the jury on the crime of conspiracy, it will be necessary to name the crime a defendant is alleged to have conspired to commit. In this case, that crime was the murder of Rashon Roy. There is nothing prejudicial or biasing about filling in the blanks in the model jury instruction for conspiracy. Furthermore, there is no evidence that the Appellate Division applied law that was either contrary to or an unreasonable application of

Supreme Court precedent when it denied this claim on direct review. Therefore, habeas relief on this ground is denied.

6. Petitioner's Right to Due Process was Violated by the Instruction Relating to Firearms

Petitioner alleges that his due process rights were violated by the "misleading and highly prejudicial instruction on the inferences that could be drawn from the use of a firearm." (Dkt. No. 4 at 28)

Though Petitioner presents no arguments, facts, or evidence along with his conclusory statement, it appears that he is referring to this:

> Now, homicide or a killing with a deadly weapon such as a firearm in itself would permit you to draw an inference that the defendant's purpose was to take life or to cause bodily injury resulting in death. A deadly weapon is any firearm which, in the manner it is used or intended to be used, is known to be capable of producing death or serious bodily injury.
>
> In your deliberations you may consider the weapon used, and manner and circumstances of the killing. And if you are satisfied beyond a reasonable doubt that a defendant shot and killed Rashon Roy with a gun, you **may draw** an inference from the weapon used, that is, the gun, and manner and circumstances of the killing, as to the defendant's purpose or knowledge.

(Dkt. No. 12-26 at 37 (emphasis added)) This is a proper jury instruction on a murder charge where the defendant is alleged to have used a firearm. *See*, *e.g*., *Francis v. Franklin*, 471 U.S. 307, 314–15 (1985) (noting that "[a] permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury"); *State v. Reddish*, 181 N.J. 553, 622 (2004) (reiterating that the "manner of a murder" can permit inferences regarding a defendant's intent) (citations omitted); *State v. Sheng Teo*, 2010 WL 816640, at *2 (N.J. Super. Ct. App. Div. Mar. 10, 2010) (approving the use of a "permissive inference" regarding a weapon used and criminal intent) (citing *State v. Martini*, 131 N.J. 176 (1993)).

Here, Petitioner makes no argument it was not a "proven fact before the jury" that a firearm was used to kill Rashon Roy. Additionally, the instruction makes clear that the inference is permissive, not mandatory. Therefore, the instruction at issue did not violate due process. Because the instruction was not violative of due process, and because there is no evidence that the Appellate Division's decision denying this claim was either contrary to, or involved an unreasonable application of federal law, habeas relief on this ground is denied.

**7. Instruction on Circumstantial Evidence**

Petitioner argues the charge used by the trial court to instruct the jury on the law of circumstantial evidence was "misleading and highly prejudicial." (Dkt. No. 4 at 28) Again, Petitioner offers no facts, argument, or evidence to support his conclusory allegation. However, it appears that Petitioner is referring to the following portion of the jury instructions:

> Circumstantial evidence, on the other hand, is evidence which proves one fact from which an inference of the existence of another fact may be drawn. An inference is merely a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence.
>
> [For example], if the witness who appeared here and testified told you he wasn't in the kitchen but that he was in the family room adjoining the kitchen, and Peter and Eugene were in the kitchen and he heard a loud argument going on in the kitchen, followed by a gunshot, and Peter walked into the family room with a gun in his hand, and the witness went into the kitchen and saw little Eugene on the floor with a bullet hole in him, well, once again, if you determined that this witness was truthful and credible, you could circumstantially infer that Peter shot Eugene….
>
> So your factual conclusions, then with regard to the issues in this case can be based upon direct evidence or circumstantial evidence, or a combination of both. In many cases, circumstantial evidence may be more certain, satisfying, and persuasive than direct evidence. But you must scrutinize it and evaluate it carefully. You must be satisfied that the inferences you draw are logical, reasonable, and supported by facts that are in evidence.

(Dkt. No. 12-26 at 15)

Here, the Appellate Division denied this claim, stating that "we find no possibility that the example used could have misled or prejudiced the jury." (Dkt. No. 12-6 at 24.) As with the jury charges on conspiracy and firearms, *supra*, the jury charge at issue here is neither misleading nor ambiguous and comports with established law. *See Waddington*, 555 U.S. at 190. Furthermore, "[q]uestions relating to jury charges are normally matters of state law and are not cognizable in federal habeas review." *Moncion v. Moore*, No. 04-3072 (JAG), 2008 WL 2369215, at *8 (D.N.J. June 3, 2008) (citing *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 309 (3d Cir. 1991)); *see also Henderson v. Kibbe*, 431 U.S. 145 (1977). Only where the jury instruction is "so prejudicial as to amount to a violation of due process and fundamental fairness will a habeas corpus claim lie." *Grecco v. O'Lone*, 661 F. Supp. 408, 412 (D.N.J. 1987). Thus, the Due Process Clause is violated only where "the erroneous instructions have operated to lift the burden of proof on an essential element of an offense as defined by state law." *Daniels v. Moore*, No. 02-4529 (AET), 2005 WL 2469676, at *15 (D.N.J. Oct. 6, 2005) (quoting *Smith v. Horn*, 120 F.3d 400, 416 (3d Cir. 1997), *cert. denied*, 522 U.S. 1109 (1998)).

The charge here comported with the law and did not mandate a conclusion by the jury that they must accept circumstantial evidence as true. Accordingly, Petitioner's claims are baseless, and he has not shown a federal constitutional deprivation entitling him to habeas relief. *Id*. at *16. Lastly, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." *Rosemeyer*, 117 F.3d at 110. Because there is no evidence that the Appellate Division acted in a manner contrary to, or involving an unreasonable application of federal law, and Petitioner's due process rights were not violated, habeas relief on this ground is denied.

**8. Misconstruing the Law of Accomplice Liability**

Petitioner next alleges that his co-defendant's counsel "misconstrued the law of accomplice liability in his summation." (Dkt. No. 4 at 28) Again, Petitioner offers no facts or evidence to support this bare allegation.

This is, once more, a state law question that presents no federal or constitutional issue on which habeas relief would be appropriate. However, on the merits, even if it were shown that Petitioner's co-counsel did misrepresent the law of accomplice liability before the jury, such an error was cured by the accurate jury instruction given by the trial court.

Generally, a misstatement of law is only actionable if it is "reasonably probable that counsel's improper remarks influenced the jury verdict." *Vanderbraak v. Alfieri*, 209 F. App'x 185, 189 (3d Cir. 2006) (citing *Fineman v. Armstrong World Indus.*, 980 F.2d 171, 207 (3d Cir. 1992) and *Draper v. Airco, Inc.*, 580 F.2d 91, 96 (3d Cir. 1978)). When there is a misstatement in a closing argument, a proper jury instruction can "sufficiently negate[] any prejudice that might … result[] from" counsel's misstatement. *Edwards v. City of Phila.*, 860 F.2d 568, 575 (3d Cir. 1988). In *Edwards*, the Third Circuit held a misstatement of law in a summation was sufficiently cured when the trial judge reminded the jury that they were only to consider the evidence in the case, and that "statements of counsel are not evidence." *Id*. Here, the trial court issued essentially identical instructions to the jury, telling them that counsel's statements are "of course not in evidence," and that "the Court is the only source of the law." (Dkt. No. 12-26 at 3-4.) The trial court then proceeded to accurately instruct the jury on the law of accomplice liability, among other things.

Therefore, even assuming without deciding that counsel made a misstatement of law in his summation, Petitioner has not shown it to be prejudicial, and, consistent with Third Circuit

17

precedent, the trial court sufficiently cured the alleged misstatement with its jury instructions. Additionally, there is no evidence the Appellate Division acted contrary to, or unreasonably applied federal law when it denied this claim. Thus, habeas relief on this ground is denied.

### 9. The Trial Court Erred in Not Dismissing the Indictment

Lastly, Petitioner argues that the trial court erred when it denied Petitioner's pre-trial motion to dismiss the indictment. (Dkt. No. 4 at 28) This particular claim was also heard on direct appeal by the Appellate Division, which wrote that it "reject[s] Defendant's final point concerning the motion to dismiss the indictment, for the reasons cogently stated by the trial court in its oral opinion[.]" (Dkt. No. 12-6 at 24) Thus, because the trial court's oral opinion on this matter is the "last reasoned state court decision," and the Appellate Division summarily adopted the trial court's reasoning, the Court will "look through" and, as mandated by AEDPA, award deference to the trial court's oral opinion on this ground. *See Ylst*, 501 U.S. at 803.

Here, Petitioner moved to dismiss the indictment before trial because he argued the evidence presented to the grand jury was simply insufficient. (Dkt. No. 12-31 at 4) The trial court disagreed, holding that the statements made to the grand jury "established probable cause to believe the crimes in question were committed … by those charged." (*Id*. at 22) The trial court correctly noted the grand jury was not responsible for deciding whether the individuals issuing statements "will continue to cooperate," a key concern of Petitioner, only whether the evidence as presented was sufficient to find probable cause. (*Id*.) *See Riddick v. Edmiston*, 1989 WL 201021, at *3 (D.N.J. Mar. 30, 1989) (citing *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972)) (noting that a grand jury's responsibility is to determine only "whether probable cause exists that a crime has been committed").

Petitioner has not shown that the state court's holding with regard to these claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Thus, habeas relief on this ground is denied.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

### IV. CONCLUSION

For the above reasons, the § 2254 habeas petition is denied, and a certificate of appealability will not issue. An appropriate Order follows.

**Dated: September 27, 2016**  */s/ Brian R. Martinotti*  
**HON. BRIAN R. MARTINOTTI**  
**UNITED STATES DISTRICT JUDGE**